FILED
Jun 16, 2020
09:21 AM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT GRAY

| | | |
|---|---|---|
| **ROMA BLANKENSHIP,** | ) | **Docket No.: 2019-02-0171** |
| **Employee,** | ) | |
| **v.** | ) | **State File No.: 21230-2019** |
| **BALLAD HEALTH,** | ) | |
| **Self-Insured Employer.** | ) | **Judge: Brian K. Addington** |

---

## COMPENSATION HEARING ORDER
## GRANTING SUMMARY JUDGMENT

---

This case came before the Court on June 11, 2020, on Ballad Health's Motion for Summary Judgment. Ballad contended Ms. Blankenship could not prove that her injury arose primarily from her work and asked that the Court dismiss her claim. For the following reasons, the Court grants summary judgment and dismisses the case.

### History

Ms. Blankenship worked as a CNA for Ballad. She alleged a December 2018 injury to her legs due to excessive walking. She sought treatment with Dr. William Brashear, and after she reported her injury, with panel physician Michael Anders. Neither physician primarily related her injury to her work. This Court twice found her evidence insufficient to award benefits following expedited hearings.

### Facts

Ballad filed a Statement of Undisputed Material Facts with citations to the record under Tennessee Rules of Civil Procedure 56.03. The relevant undisputed facts were:

1. After obtaining and considering Employee's history and examining her on February 5, 2019, Dr. Anders determined as follows: he "cannot attribute 51% of her condition to her work activity"; under the definition of work injury in Tennessee, "the condition is considered non-work related"; Employee's "ongoing symptoms do not meet this definition of

1

'an injury by accident, a mental injury, or occupational disease including diseases of the course and scope of employment'"; and Employee's employment "did not contribute more than 51% in causing her current symptoms."

2. After receiving Dr. Anders's opinion on medical causation, Employee saw Dr. William Brashear, of Appalachian Orthopedic Associates, for treatment. At Employee's March 26, 2019 appointment with Dr. Brashear, he diagnosed Employee with bilateral patellofemoral osteoarthritis and made this observation: "At this time, I [Dr. Brashear] do feel this is an exacerbation of an underlying problem; however, again I have discussed with her not all people have arthritic manifestations even though they have radiographic findings of it."

Ms. Blankenship did not file a response to the Statement of Undisputed Facts and did not appear for the in-person hearing on the motion. The Court and Ballad's counsel waited for over ten minutes for her to appear.

Ballad argued that no physician provided a causation opinion that Ms. Blankenship's injury arose primarily from her work. Dr. Anders, the authorized physician, concluded her condition was not primarily related to her work. Her own physician, Dr. Brashear, merely found an exacerbation without giving an opinion of whether her condition arose primarily from her work. Thus, the undisputed facts establish that Ms. Blankenship has no physician opinion that primarily relates her condition to her work, and the Court should dismiss her claim for benefits with prejudice.

**Legal Analysis**

Tennessee Rules of Civil Procedure 56 provides specific filing requirements for both parties in summary judgment cases. Specifically, as the moving party, Ballad is required to file a statement of undisputed material facts with citations to the record. It did so. As the nonmoving party, Ms. Blankenship is required to respond to Ballad's statement of undisputed facts, stating her agreement with them or demonstrating how they are disputed. Tenn. R. Civ. P. 56.03. She did not do so. For this reason, the Court considers Ballad's motion unopposed and turns to whether summary judgment is appropriate.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. To prevail, Ballad must do one of two things: (1) submit affirmative evidence that negates an essential element of Ms. Blankenship's claim for permanent disability benefits, or (2) demonstrate that her evidence is insufficient

to establish entitlement to those benefits. Tenn. Code Ann. § 20-16-101 (2019); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

Based on the undisputed facts, the Court holds that Ballad submitted affirmative evidence that Ms. Blankenship's condition did not arise primarily from her employment. The only medical opinions are those of Drs. Brashear and Anders, neither of which concluded her condition primarily arose from her work. Having carefully reviewed and considered the evidence in the light most favorable to Ms. Blankenship, the Court grants Ballad's summary judgment motion.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Ms. Blankenship's claim is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Ballad under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (August 2019), for which execution may issue as necessary.

3. Ballad shall prepare and submit the SD2 for this case within ten days of the date of judgment.

4. Absent an appeal, this order becomes final in thirty days.

**ENTERED June 16, 2020.**

   /S/ Brian K. Addington_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**

3

## CERTIFICATE OF SERVICE

I certify a copy of this Order was sent as indicated on June 16, 2020.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Roma Blankenship, Employee | | | X | 140 Painter Rd. Fall Branch, TN 37656 catherine62kylie@gmail.com |
| Michael Forrester, Employer's Attorney | | | X | mforrester@hsdlaw.com amcknight@hsdlaw.com |

_____

**PENNY SHRUM, COURT CLERK**
**Court of Workers' Compensation Claims**
wc.courtclerk@tn.gov

4



<u>Compensation Hearing Order Right to Appeal</u>:

        If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*